IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| SPO GO HOLDINGS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1-16-0010 |
| ) | |
| W&O CONSTRUCTION COMPANY, INC., ) | JURY DEMAND |
| and THE CITY OF SPRING HILL, ) | |
| TENNESSEE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT W&O CONSTRUCTION COMPANY, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS**

COMES NOW W&O Construction Company, Inc. (hereinafter, referred to as "W&O"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), hereby submits this Memorandum of Law in support of its Partial Motion to Dismiss with respect to Plaintiff SPO GO Holdings, Inc. (hereinafter, referred to as "SPO")'s Negligence Cause of Action against W&O found in SPO's Complaint. For the reasons stated below, Defendant prays that the Court grant its Motion.

**FACTUAL BACKGROUND**

From May 28, 2009 until June 12, 2015, Plaintiff owned real property known as the King's Creek Golf Club located at 3901 Kedron Road in Spring Hill, Tennessee (hereinafter, the "Golf Course"). See Comp. ¶7. During 2014, Defendant Spring Hill solicited bids for an extension of sewer line that was to run through the Golf Course and Spring Hill awarded the bid for the extension of the sewer line to W&O. *Id*. at ¶¶14-15. Spring Hill and W&O entered into a construction contract for the extension of the sewer line. *Id*. at ¶16. To allow Spring Hill to

extend the sewer line through the Golf Course, Spring Hill and SPO entered into a "Grant of Sewer Easement," and W&O was not a party to this agreement. *Id*. at ¶28.

On February 23, 2016, Plaintiff SPO filed its Complaint against W&O Construction Company, Inc. and the City of Spring Hill, Tennessee. See gen. Comp. In Paragraphs 84 through 89 of SPO's Complaint, SPO alleges that W&O acted negligently when it "assumed a duty to Plaintiff to complete its work timely and to repair all damage to Plaintiff's property caused by such work", and that W&O failed by "failing to complete the Project by the original completion deadline of March 2, 2015 or the revised completion deadline of May 4, 2015", and failed to properly man the work further delaying the completion of the work. W&O had no duty to SPO to complete the work by the alleged deadlines. SPO asserts that as a result of W&O's negligence, SPO suffered damages including lost profits. Compl. ¶89.

## LAW

### I. Standard of Review.

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "only tests whether a cognizable claim has been pleaded in the complaint." *Bricks, Inc. v. BNY Trust Co.*, 165 F. Supp. 2d 723, 725 (W.D. Tenn. 2001). A motion to dismiss challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof. *See ATCO Mfg. Co. v. Share Corp.,* No. 3:07-CV-028, 2007 WL 1521008, at *2 (E.D. Tenn. May 22, 2007). "When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the district court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true." *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008), *Paige v. Coyner*, 614 F.3d 273, 277 (6th Cir. 2010). "In order to survive a Rule 12(b)(6) motion to dismiss, [a] complaint need contain only

2

"enough facts to state a claim to relief that is plausible on its face." *Id.* (referencing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). In *Twombly*, the Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.

*Twombly* at 555. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. It is not sufficient if "a complaint pleads facts that are 'merely consistent with' a defendant's liability" because "it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Twombly*, at 557 (2007)). In making this determination, "[t]he court need not, however, accept as true legal conclusions or unwarranted factual inferences." *Michigan Div. Monument Bldrs v. Michigan Cemetery Ass'n*, 524 F.3d 726, 731 (6th Cir. 2008).

**II. Plaintiff's Cause of Action for Negligence Fails to State Claim Upon Which Relief May Be Granted.**

In consideration of Plaintiff's cause of action for negligence, "[a] negligence cause of action has five essential elements: (1) a legally recognized duty owed by the defendant to the plaintiff, (2) the defendant's breach of that duty, (3) an injury or loss, (4) causation in fact, and

3
334354.1
Case 1:16-cv-00010   Document 12   Filed 03/23/16   Page 3 of 9 PageID #: 186

(5) legal cause." *Holt v. Macy's Retail Holdings, Inc.*, 719 F. Supp. 2d 903, 2010 U.S. Dist. LEXIS 55948 (W.D. Tenn. 2010)(citing *Timmons v. Metro. Gov't of Nashville and Davidson County,* 307 S.W.3d 735, 741 (Tenn. Ct. App. 2009)).

As stated above, there were two contractual agreements in the facts leading up to this lawsuit. One of the contracts was the Construction Contract, originally attached to Plaintiff's Complaint, between W&O and the City of Spring Hill. The Construction Contract provided that each phase of work, with the sewer extension being Phase 1, was to be completed within 120 days. This agreement was strictly between W&O and the City of Spring Hill and Spring Hill had the contractual right to extend any scheduling as it saw fit – in which time extensions were granted by Spring Hill. The second contract was for the Grant of Sewer Easement, also originally attached to Plaintiff's Complaint, wherein the City of Spring Hill compensated SPO in exchange for an access easement to extend the sewer line in question. The Grant of Sewer Easement did not contemplate for time of completion whatsoever. More importantly, there was never an agreement between W&O and SPO. The only relationship W&O has to this lawsuit is that it performed work on the City of Spring Hill's Easement for the extension of a sewer line, pursuant to the Construction Contract between W&O and Spring Hill.

With W&O's involvement on this project being limited to its scope of work under the Construction Contract with Spring Hill, there is no duty of W&O to SPO to complete its work by a specific deadline as the Construction Contract itself provides for extensions of time. Moreover, no common law duty is owed to SPO for W&O's contractual performance of its agreement with Spring Hill. With SPO's negligence cause of action revolving around delay and/or failure to meet a completion date, this Court must look to determine if there is a duty of W&O to complete

Case 1:16-cv-00010    Document 12    Filed 03/23/16    Page 4 of 9 PageID #: 187

the work by a specific deadline and if W&O owed any duty to SPO. SPO is asking the Court to create a duty that does not exist so its claim for negligence can exist.

Beyond the Construction Contract, this Court may also look to the Grant of Sewer Easement. Not only is W&O not a party to the Grant of Sewer Easement, the Grant of Sewer Easement makes no mention of time considerations for completion of work and does not incorporate by reference the Construction Contract. This is an agreement in which SPO was a party to and SPO itself did not insist on any language for a completion deadline or any additional time consideration for completion of the work for the sewer line extension. Again, SPO is looking to this Court to place a duty on W&O wherein W&O's entire performance was predicated on its contractual agreement with Spring Hill, and moreover, the Grant of Sewer Easement of which SPO was a party to did not even create any type of time obligation.

For SPO's cause of action for negligence to exist, the Plaintiff must be able to establish the aforementioned five essential elements: (1) *a duty* 2) a breach of that duty, (3) an injury or loss, (4) causation in fact, and (5) legal cause." *Holt v. Macy's Retail Holdings, Inc.*, 719 F. Supp. 2d 903 (emphasis added). Where SPO is relying upon the Construction Contract and the Grant of Easement to create its alleged duty owed by W&O to SPO, it becomes obvious that no duty to SPO to meet a "drop dead" deadline was established in either agreement. In the Construction Contract, procedures were provided for time extensions and the Grant of Sewer Easement did not contemplate for time whatsoever. Here there is no legal possibility or plausibility for a cause of negligence to exist against W&O. SPO is asking the Court to make unwarranted legal conclusions and factual inferences. Without such a firm deadline, SPO is missing the first element of a claim for negligence and the analysis of such a claim must go no further. As there

5

is no duty, there can be no claim for negligence in law and W&O respectfully asks this Court to dismiss SPO's cause of action for negligence.

### III. Plaintiff's Claim for Negligence is Barred by the Economic Loss Doctrine.

Plaintiff's cause of action for negligence is barred by the Economic Loss Doctrine. Specifically, Plaintiff seeks damages for "lost profits" as a result of W&O's alleged negligence. While Tennessee Courts have stated that negligent construction claims arising in Tennessee are permitted and are not precluded by the "Economic Loss Rule," *John Martin Co. v. Morse Diesel, Inc.*, 819 S.W.2d 428 (Tenn. 1991), a plaintiff may *only* maintain an action for purely economic loss when the claim is based upon negligent supervision or negligent misrepresentation. *AmSouth Erectors, L.L.C. v. Skaggs Iron Works, Inc.*, 2003 Tenn. App. LEXIS 551, 2003 WL 21878540 (Tenn. Ct. App. Aug. 5, 2003)(emphasis added). Quoting *Acuity v. McGhee Eng'g*, 297 S.W.3d 718, 734 (Tenn. Ct. App. 2008), The Eastern District Court of Tennessee stated that "[t]he economic loss doctrine provides that, absent privity, one may not recover in negligence where there is no injury to person or property," barring a claim for lost profits. *Ladd Landing, LLC v. TVA*, 874 F. Supp. 2d 727 (E.D. Tenn. 2012) (citations omitted). For these reasons, damages for lost profits under the theory of negligence described herein are barred by the Economic Loss Doctrine.

Previously, the cases of *Ham v. Swift Transp. Co.,* 694 F. Supp.2d 915 (W.D. Tenn. 2010), *Lott v. Swift Transp. Co.,* 694 F. Supp. 2d 923 (W.D. Tenn. 2010), *Pascarella v. Swift Transp. Co.,* 694 F. Supp.2d 933 (W.D. Tenn. 2010) and *Broadnax v. Swift Transp. Co.,* 694 F. Supp.2d 947 (W.D. Tenn. 2010) all attempted to address the application of the economic loss rule. The *Ham* Court and the companion Courts were faced with application of the rule to negligence claims arising from the provision of services – such as construction,

rather than the purchase of goods. Acknowledging the lack of guidance from the Tennessee Supreme Court and reviewing the available case law from the Tennessee Court of Appeals, the *Ham* Court found that Tennessee had "implicitly restricted the economic loss doctrine to claims involving products liability or the sale of goods, at least where the plaintiff can establish a sufficiently direct relationship between the defendant's negligent act and the plaintiff's economic loss." *Id.* at 922 (citing *Trinity Indus., Inc. v. McKinnon Bridge Co.,* 77 S.W.3d 159, 173-74 (Tenn. Ct. App. 2001)). The *Ham* court found that "the Tennessee Supreme Court would rely on the fact that the economic loss doctrine had its origins in the UCC to preclude application of the doctrine to suits not involving UCC remedies, specifically those concerning the provision of services." *Id.* at 923. This ruling was further supported by *Tan. v. Wilbur Smith Assocs*. in 2011. 2011 WL 3421320 (E.D. Tenn. Aug. 4, 2011). In the following year, and in providing deep analysis of the *Ham* Court's decision, the Eastern District Court of Tennessee in *Ladd* provides further direction in holding that the Economic Loss Doctrine provides that, absent privity, one may not recover in negligence where there is no injury to person or property. 874 F. Supp. 2d 727 at 733. A third-party beneficiary lacks privity to contract as it is not a party to the Contract.

Here, there have been no allegations of negligent supervision or negligent misrepresentation. With the Plaintiff seeking purely economic damages in the form of lost profits for not meeting a contractual timeline, Plaintiff is seeking to impose additional contractual liability on W&O that was not contemplated for by the original parties to the Contract. As such, as SPO's claim under the theory of negligence is based upon a third-party beneficiary relationship under the Contract, the claim is barred by the Economic Loss Doctrine and SPO's claim for negligence must be dismissed.

7

## **CONCLUSION**

For the aforementioned reasons, W&O respectfully asks this Court to grant W&O's Partial Motion to Dismiss dismissing SPO's cause of action for negligence in this matter.

Respectfully submitted,

     /s/ Gregory L. Cashion
Gregory L. Cashion   (No. 10697)
gcashion@smithcashion.com
J. Ross Hutchison     (No. 31170)
rhutchison@smithcashion.com
SMITH CASHION & ORR, PLC
231 Third Avenue North
Nashville, Tennessee 37201
Telephone:   (615) 742-8555
Facsimile:   (615) 742-8556
*Counsel for Defendant*
   *W&O Construction Company, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd day of March, 2016, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record as listed below.

Stephen M. Montgomery
smontgomery@nealharwell.com
Robert A. Peal
rpeal@nealharwell.com
NEAL & HARWELL, PLC
150 Fourth Avenue North, Suite 2000
Nashville, Tennessee 37219
*Attorneys for Plaintiff*

Patrick Carter
pcarter@tgwlawfirm.com
TISHER, WOLAVER, FREE,
   CARTER & LYNN, PLLC
Post Office Box 1431
Columbia, Tennessee 38402
*Attorney for City of Spring Hill, Tennessee*

          /s/ Gregory L. Cashion