# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

**SPE GO HOLDINGS, INC.**                                                                         **PLAINTIFF**

**VS.**                                 **1:16-CV-00010**

**W&O CONSTRUCTION COMPANY, INC.,** *et al.*                     **DEFENDANTS**

## ORDER

**Defendant's Motion in Limine to Exclude / Limit Kevin Hargrave's Expert Opinion (Doc. No. 59) is DENIED.** Defendant asserts that Mr. Hargraves's report includes "legal conclusions and factual representations that are outside of the scope of Mr. Hargrave's expertise,"[1] and cites the following examples:

> As the dates show, my involvement in the Project moved very quickly **due to the fact that W&O had already surpassed both their original deadline for completion of March 2nd, 2015 as well as the revised completion date extended by the City of Spring Hill (not by the Golf Course Owner – SPE GO Holdings) of May 4, 2015.**
>
> **The Owner could no longer afford to extend the deadline for completion any further and had to move forward because the potential buyer of the Golf Course was in limbo awaiting completion of the work to finalize sale of the Golf Course.**
>
> **W&O could meet their contract requirements** less the interior work on the Golf Course which entailed more detailed feature finish work (more time) which The Turf Company was more experienced in doing… work from what I was told W&O had never done before.[2]

First, I don't see legal conclusions in any of these excerpts – they appear to be statements of fact. Whether the statements are accurate is something that can be addressed during cross-examination. Second, if Mr. Hargraves has first-hand knowledge of the issues above, it seems to

---

[1] Doc. No. 60.

[2] *Id.* (emphasis in original).

1

me that he can testify to these topics, if the testimony is consistent with the Federal Rules of Evidence.

**Defendant's Motion in Limine to Prohibit the Use of Spring Hill Homepage Article (Doc. No. 61) is GRANTED, at this time.** Defendant contends that the author of the article, Greg Jinkerson, was never disclosed as someone with discoverable information so he was never deposed. Additionally, Defendant asserts that Mr. Jinkerson has not authenticated the article. Finally, Defendant argues that the article's prejudicial effect outweighs any probative value, because "the author does not mention the construction contract between W&O and Spring Hill, the rights and obligations under said contract, and the fact that the City of Spring Hill never attempted to assess liquidated damages against W&O and actually had extended the construction schedule."[3]

It appears to me that this article is hearsay, and neither party has suggested an applicable exception to the hearsay rule. Submitting a story by an author, who does not appear to be affiliated with Defendant, for the truth of the matter asserted – to "establish it is more probable that Defendants knew that construction delays directly 'impact[ed] the business of the golf course'" and "W&O failed to perform its work in a careful, skillful, diligent, and workmanlike manner" – appears to be garden variety hearsay.

**Randall Button's Emergency Motion to Quash (Doc. No. 80) is MOOT** based on the September 11, 2017 telephone conference.

**Adimissiblity of Randall Button's Appraisal Report** – I do not understand what the issue is here. Plaintiff appears to want to use an appraisal to establish Defendant's position on the value of an easement. It seems to me that this can be done without actually admitting the

---

[3]Doc. No. 62.

2

appraisal into evidence. Again, I'm impressed, but not informed as to what the real problem might be.

IT IS SO ORDERED this 3rd day of January, 2018.

/s/ Billy Roy Wilson  
UNITED STATES DISTRICT JUDGE