**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
600 W. CAPITOL, ROOM A403
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**January 22, 2018**

Mr. Robert A. Peal
Mr. Stephen Montgomery
Mr. William Harbinson
Neal & Harwell
150 Fourth Avenue, N, Suite 2000
Nashville, TN 37219

Mr. Gregory Lee Cashion
Mr. Jeremy Hutchison
Smith, Cashion & Orr, PLC
231 Third Avenue, North
Nashville, TN 37201

Mr. Patrick M. Carter
Middle Tennessee Law Group, PLLC
809 S Main Street, Suite 100
Columbia, TN 38401

> Re: *SPE GO Holdings, Inc. v. W&O Construction Company, Inc., et al.*,
> No. 1:16-cv-00010

Dear Counsel:

I have reviewed your submissions and below are the presumptive time limits for the direct examinations of your witnesses:

**Plaintiff's Witnesses**

1. Donald C. Henderson — 2 hours
2. Daniel Allen — 45 minutes
3. Jed Vinson — 1 hour
4. Victor Lay — 20-30 minutes
5. Kevin Hargrave — 1 hour
6. Jerome Dempsey — 45 minutes
7. Randall Button — 10 minutes
8. Kevin Surprise — 30 minutes

**Defendant W&O Construction's Witnesses**

1. Victor Lay — 1 hour
2. Jerome Dempsey — 1 hour
3. Tim Huddleston — 1 hour

  4. Kevin Surprise    1 hour
  5. Kevin Tucker    45 minutes

**Defendant City of Springhill's Witnesses**
  1. Victor Lay    < 1 hour

Cross-examination of Mr. Hargrave and Mr. Tucker will be 30 minutes. For all other witnesses, the presumptive time limit for cross-examination is 20 minutes.

It appears Defendants intend to call in its case several of the same witnesses Plaintiff intends to call. If so, it is very likely that the times for direct examination of those witnesses will be reduced – depending, of course, on what is covered during cross-examination during Plaintiff's case.

A rebuttal witness must be a true rebuttal witness, not someone who could have testified on direct, *i.e.*, a witness whose testimony cannot be reasonably anticipated until Defendants' evidence is presented.

Counsel for the parties are directed to "meet and confer" to determine if there is going to be a foundation objection. If so, I should be notified forthwith, with specificity.

At the end of your presumptive time limit on direct or cross-examination, that is it. I'll expect you to stop if you are in the middle of the word "if." You should have your proposed questions printed out so that, at the end of your presumptive time limit, you may approach the bench out of the hearing of the jury and show me the questions you didn't get to ask that you think you should get to ask. I will rule as to whether you will be allowed to ask them – again, out of the hearing of the jury.

Having your proposed questions printed is crucially important so that you can show me how your examination has been bob-tailed. You will not have time at the bench to give me an oral presentation.

Having these questions printed out will probably help you pare down your questions, which is better advocacy. I realize I'm not teaching a trial ad course, but I am keenly aware of the jurors' time. And prolonged, unnecessary examinations of witnesses impinge on the time of jurors who are greatly inconvenienced doing this great civil duty.

        Cordially,

        /s/ Billy Roy Wilson

Original to the Clerk of the Court